**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ETHAN WADLINGTON,<br>    Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3277 |
| | : | |
| EQUIFAX, | : | |
|    Defendant. | : | |

**MEMORANDUM**

PEREZ, J.                                                                        JUNE 18, 2024

Ethan Wadlington filed an Amended Complaint against Equifax on February 5, 2024,

alleging a violation of the Fair Credit Reporting Act ("FCRA").  Wadlington also seeks leave to

proceed *in forma pauperis*.  For the following reasons, the Court will grant him *in forma*

*pauperis* status, dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii), and permit Wadlington one final opportunity to file a second amended

complaint.

**I.      PROCEDURAL HISTORY**

Wadlington filed the original Complaint (ECF No. 1) in this case on August 21, 2023 but

failed to pay the filing fee.  On August 25, 2023, he was ordered to pay the applicable $402 filing

fee or file a motion to proceed *in forma pauperis*, as well as file an amended complaint that fully

complied with the Federal Rules of Civil Procedure.[1]  (ECF No. 3.)  On September 22, 2023, he

---

[1] The original Complaint was styled as a "Praecipe for Judgment on the Arbitration
Award."  Although this pleading was deficient as a complaint in a civil action in a number of
respects, the Clerk of Court treated it as a Complaint, opened a civil action, and assigned the
matter for review.  In an Order filed on August 25, 2023 (ECF No. 3), the Court noted that it was
not clear that Wadlington, by mailing the pleading, intended to initiate a federal lawsuit.  Thus,
the Court required Wadlington to file an amended complaint that fully complied with the Federal
Rules of Civil Procedure and the relevant statutes. Specifically, the Court noted that the

filed another pleading styled as a "Complaint to Enforce Arbitration Award" (ECF No. 4).  This pleading failed to comply with the August 25 Order because it was unsigned as required by Rule 11.  Because Wadlington failed to pay the filing fee or move to proceed *in forma pauperis*, the Court dismissed this case on November 7, 2023 for failure to prosecute.  (ECF No. 5).

On February 5, 2024, Wadlington filed another amended complaint (ECF No. 7), but still did not pay the filing fee or move to proceed *in forma pauperis*.  In an Order filed February 8, 2024 (ECF No. 8), the Court directed the Clerk to strike the February 5 pleading because the case had already been dismissed and because Wadlington still had not fully complied with the prior Orders to pay the fee or seek *in forma pauperis* status.  Wadlington was advised that, should he seek to proceed, he must file a motion to reopen the case and comply with the prior Orders.  (*Id.*)

On February 28, 2024 Wadlington finally complied with the prior Orders and filed an application to proceed *in forma pauperis*.  (ECF No. 9.)  The Court will deem his submission to constitute substantial compliance with the Court's Order that he seek leave to reopen the case.  Accordingly, the Court will vacate the Order striking the February 5 pleading and proceed to screen that version as the Amended Complaint in this matter.[2]  For the following reasons, the

---

submission did not comply with Rule 10 that requires that a pleading contain a caption with the Court's name and the names of the parties.  *Fabian v. St. Mary's Med. Ctr.*, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

[2] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that

Amended Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     FACTUAL ALLEGATIONS[3]

The allegations in the one-page Amended Complaint are brief and unclear.  Wadlington alleges a "consumer data breach" due to Defendant Equifax's "failure to adequately protect consumer data [that] has resulted in a significant breach, exposing sensitive information belonging to [him]."  (Am. Compl. at 1.)  He alleges a violation of the "FTC Act" based on Equifax's actions, alleging they constitute unfair or deceptive practices as its "inadequate security measures have put consumers [including Wadlington] at an unreasonable risk of harm." (*Id.*)  He seeks "FCRA Civil Penalties" for money damages due to Equifax's failure to maintain reasonable procedures to ensure the accuracy and security of consumer information.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court grants Wadlington leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

---

"liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

The Federal Rules of Civil Procedure also do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . .").  Accordingly, the Court may consider only the allegations contained in the February 5 version of the Amended Complaint.

[3] The factual allegations set forth in this Memorandum are taken from Wadlington's Amended Complaint (ECF No. 7.)  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage

of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,'

'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that]

complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Wadlington is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v.*

*Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

244-45 (3d Cir. 2013)).

## III.     DISCUSSION

### A.     FTCA Claim

Wadlington appears to assert a claim pursuant to the Federal Trade Commission Act.

This claim is not plausible because Congress has provided that only the Federal Trade

Commission has the authority to enforce the FTCA.  *See* 15 U.S.C. § 57b (providing that if any

person "violates any rule under this subchapter respecting unfair or deceptive acts or practices . .

. then the Commission may commence a civil action against such person. . . .").  Several Courts

of Appeals have held that there is no private cause of action under this statute.  *See Am. Airlines*

*v. Christensen*, 967 F.2d 410 (10th Cir. 1992); *Fulton v. Hecht*, 580 F.2d 1243 (5th Cir. 1978);

*Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232 (2d Cir. 1974); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973); *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973). Numerous courts in this district have also held that the FTCA does not provide a private right of action. *See, e.g., Pressley v. Exeter Fin. Corp*, No. 21-3641, 2022 WL 2905235, at \*3 (E.D. Pa. July 22, 2022); *Taggart v. GMAC Mortg., LLC*, No. 12-415, 2012 WL 5929000, at \*6 (E.D. Pa. Nov. 26, 2012) ("[P]rivate parties are not authorized to file enforcement actions, only the FTC has that authority."); *Vino 100, LLC v. Smoke on the Water, LLC*, 864 F. Supp. 2d 269, 281 (E.D. Pa. 2012); *Mercy Health Sys. of Se. Pa. v. Metro. Partners Realty LLC*, No. 02-1015, 2002 WL 1774060, at \*2 (E.D. Pa. July 29, 2002) (rejecting an implied private right of action under the FTC's franchise disclosure rules, which were enacted pursuant to the FTCA); *Zhang v. Se. Fin. Grp., Inc.*, 980 F. Supp. 787, 796 (E.D. Pa. 1997). Accordingly, any claims brought by Wadlington pursuant to the FTCA will be dismissed with prejudice.

## B.       FCRA Claim

Wadlingon seeks money damages due to Equifax's alleged failure to maintain reasonable procedures to ensure the accuracy and security of his consumer information. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, credit reporting agencies like Equifax "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize

5

that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under § 1681e(b), a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).[4]

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in a file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C.A. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to investigate a dispute under the FCRA, the consumer must allege that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable

---

[4] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate.  *Bibbs v. Trans Union LLC*, No. 21-1350, 2022 WL 3149216, at \*6 (3d Cir. Aug. 8, 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at \*4 (D.N.J. Sept. 9, 2019) ("As with § 1681e(b) claims, '[a] claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate.") (citations omitted, alterations in original).  "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)."  *Bibbs*, 2022 WL 3149216, at \*6 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).  Additionally, the agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information."  15 U.S.C. § 1681i(a)(3)(A).

Wadlington has failed to allege facts to support a plausible claim under either § 1681e(b) or § 1681i(a).  He asserts only a conclusory allegation that Equifax failed to maintain reasonable procedures to ensure the accuracy and security of his consumer information.  (Am. Compl. at 1.)  This kind of conclusory allegation is insufficient to allege a plausible claim.  *Iqbal*, 556 U.S. at 678.  Additionally, Wadlington's § 1681(e)(b) is not plausible because he fails to identify what, if any, inaccurate information that was included in his credit report or that he suffered an injury

caused by the inclusion of the inaccurate entry.  His § 1681i(a) claim is not plausible because, in addition to failing to allege what information was inaccurate, he has failed to allege that he filed a dispute with Equifax, that Equifax failed to investigate the dispute, and that it would have discovered a discrepancy had it undertaken a reasonable investigation.

For these reasons, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, the Court will grant Wadlington one final opportunity to file a second amended complaint if he is capable of alleging additional facts supporting his FCRA claim against Equifax.  An order with additional information about filing an amended complaint will be entered separately.

BY THE COURT:

_____

**MIA R. PEREZ, J.**

8